**Gerhard v. D Construction, Inc., et al**  11-cv-631

# OPINION

On 7/15/11, plaintiff filed a Motion to Quash Subpoenas to Current and Former Employers and to Narrow the Scope of Subpoenas to Medical Providers [18]. In a Minute Entry [26] dated 8/16/11, the Court ordered defendants to inform third party recipients of the relevant subpoenas that they need not comply until the Court ruled on plaintiff's motion. After considering plaintiff's motion, as well as defendants' response brief [25] and plaintiff's reply [27], the Court grants plaintiff's motion to quash [18]. For the reasons explained below, the Court quashes defendants' subpoenas to plaintiff's current and former employers, limits the scope of defendants' medical billing subpoenas to documents created on or after the October 20, 2009 date of plaintiff's termination, and orders defendants to destroy or return any documents improperly received from non-party employers. Defendants are prohibited from using any information gleaned from improperly received documents.

This discovery dispute began when defendants issued two rounds of subpoenas. The first round, on July 6, 2011, included three subpoenas to plaintiff's past and current employers, and two to his former educational institutions. The second round, on July 12, 2011, included subpoenas to ten of plaintiff's medical providers. Instead of providing advance notice to the plaintiff of these subpoenas, which requested highly personal information, defendants issued notice simultaneously with the subpoenas. Plaintiff now objects to the subpoenas on the basis of notice and relevance.

As an initial matter, the Court finds that plaintiff has standing to challenge the subpoenas. While objections to subpoenas are generally entered by the third party receiving the subpoena, numerous courts have found that a party's interest in the confidentiality of their personnel files and medical records provides standing to object to third party subpoenas.[1] This conclusion is logical, given the potential for harassment and the undue harm to employment relationships that can result from an improper subpoena.[2] The likelihood and degree of such harm cannot be overstated where, as here, plaintiff claims that he has been terminated by his current employer due to defendants' hastily issued subpoena.

Ordinarily, Federal Rule of Civil Procedure 45(b)(1) acts to prevent this result. It requires that any party planning to issue a subpoena shall first notify the other parties to provide them with an opportunity to object to the production, or to serve a demand for additional documents or things.[3] In other words, notice is required prior to issuance to avoid production of documents that may be under a claim of right or privilege, where release of the documents could be prejudicial. Although courts in other jurisdictions have held that the notification requirement may be fulfilled on the same day subpoenas are issued, the Seventh Circuit has more narrowly construed the prior notice requirement, stating that "the requirements of Rule 45 are clear," though "most courts focus on the prejudice to the aggrieved party."[4] The prejudice to be avoided by the prior notice requirement is exemplified here, where one of plaintiff's current employers responded to defendants' subpoena before plaintiff had an opportunity to object, and where that employer allegedly terminated plaintiff

---

[1] Dkt. 19, at 8. *See Strode v. Venice*, 2006 U.S. Dist. LEXIS 82211, at *2 (S.D. Ill. Nov. 9, 2006) ("although the subpoenas are aimed at non-parties, the defendants have standing to challenge them because it is their personnel records that are requested"). The *Strode* court cited *U.S. v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982), which held that "a party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." As noted by Plaintiff, district courts in Kansas, Southern Florida and Connecticut held the same in the context of employment records, in 2001, 2007 and 2007, respectively.

[2] *See Woods v. Fresenius Med. Care Group of Am.*, 2008 WL 151836, *3 (S.D. Ind. Jan. 16, 2008) (quashing subpoena for the plaintiff's personnel records because of plaintiff's "legitimate interest" in "maintaining her relationship with her current employer").

[3] Advisory Committee Notes on the 1991 Amendment to Fed. R. Civ. P. 45.

[4] *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008).

due to his receipt of defendants' subpoena.[5]

Defendants' conduct with regard to these subpoenas is particularly troubling, given that the documents requested are not relevant to the claims or defenses in this case. The subpoenaed personnel records from plaintiff's current and former employers are not relevant to plaintiff's claims, which center on defendants' reasons for terminating him. If defendants were not in possession of this information at the time of plaintiff's termination, the information could not have affected their employment decision.

Defendants argue that the subpoenaed materials are relevant to a potential "after-acquired evidence" defense.[6] However, the after-acquired evidence doctrine does not impart relevance to information that is not otherwise relevant, and may not be used as the basis for a "fishing expedition."[7] General concerns about Plaintiff's credibility, without more, do not provide a basis for defendants' subpoenas.[8] While defendants question plaintiff's credibility because his hard drive was destroyed nearly a year before this lawsuit was filed,[9] defendants have not shown that any potentially relevant information was contained on that hard drive, nor have defendants provided any other reason to doubt the veracity of plaintiff's credentials. Were those credentials later found to be inaccurate, it is unlikely that the information would have any bearing on this case; neither party has indicated that Plaintiff's termination was affected by doubts about the authenticity of Plaintiff's credentials. The Court notes that defendants may allay any concerns about plaintiff's credentials through information gleaned from subpoenas already issued to plaintiff's educational institutions, or by subpoenaing any entities that have previously certified the plaintiff.

Finally, defendants argue that plaintiff may have falsified his credentials as a safety expert, which could cast doubt on whether his actions during his employment were appropriate for someone hired to "render his professional services to advise . . . on workplace hazards and applicable regulations and recognized practices."[10] This argument lacks merit in the context of plaintiff's allegation that his termination resulted from his reports of workplace safety violations to the Occupational Health and Safety Administration ("OSHA"). The implication that false or lacking credentials would affect the right of any employee to report safety violations is baseless.[11]

For these reasons, the Court grants plaintiff's motion to quash [18] on relevance grounds, and as a sanction for defendants' failure to issue proper notice under Rule 45. The Court also grants plaintiff's motion to narrow the scope of defendants' request for medical billing documentation to those documents created on or after October 20, 2009, the relevant period for calculating damages.

---

[5] Dkt. 19-2 and 19-5 (emails from Attorney Hobfoll).
[6] Defendants wish to use these subpoenas to find evidence of misconduct by the plaintiff that would justify their decision to fire him, precluding him from certain remedies. *See* dkt 25 at 6-7.
[7] *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1071-72 (9th Cir. 2004).
[8] *See Woods*, 2008 WL 151836, *supra* n. 6, at *6 (finding that mere allegation of untruthfulness, without more, indicated desire to "fish around" and was insufficient as a ground for relevance).
[9] Dkt. 25 at 10.
[10] Dkt. 25 at 9.
[11] *See* Occupational Safety and Health Act, 29 U.S.C. 660(c)(1) (1970) (West, 2011) ("[n]o person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint . . . under or related to this chapter . . .").